Case No. 18-1951. We'll start with Mr. Brengel. Thank you, Your Honor. May it please the Court, I'm David Brengel. I represent Hector Barnes. The issue in front of the Court today is did the District Court plainly error when he imposed a sentence in the supervised release case where the District Court believed the minimum supervised release he could impose was 36 months? And then also, was the above guideline sentence unreasonable? Your Honor, it is our position to the Court that the error is quite plain. The statute that governs revocation of supervised release sets no minimum where supervised release is revoked after someone has already been placed on supervised release. And so the statute that is at issue here as cited in the briefs is 18 U.S.C. 3583H. And it gives the Court total discretion with regard to minimum terms of supervised release. And it's our position to the Court that the transcript clearly indicates that Judge Reagan believed he had to impose 36 months' supervised release, and that simply isn't the law. And so there's an error. Now, of course, it doesn't end the inquiry. The inquiry is still, is this Court required to reverse? And it is where the defendant's substantial rights are affected. And we're arguing to the Court today that the substantial rights of Mr. Barnes are affected because the judge went into the sentencing hearing believing that he didn't have any discretion with regard to the minimum term of supervised release. And he didn't hear arguments as to, is a one-year term appropriate, six months, or 18 months of supervised release? Instead, the issue is simply, does he impose 36 months or not? Did the district court say he thought he had to impose 36 months, or only the 36 months was for the amount for the original drug crime? I think, Your Honor, I think the district court kind of said both. I do believe the impression I got from reading the judge's comments was that he believed he had to impose 36 months. I think that that's further buttressed by a comment of Mr. Hale at page 81 to 82 of the transcript. In the proceedings, Your Honor, where he, I believe Mr. Hale says, in the transition at the bottom of 81 going into 82, that the minimum term allowed under the statute is 36 months. Now, that would have been correct if they were talking about the original statute of conviction. But in this case, we're talking about the statute that governs revocations of supervised release. And that statute, I think the statute they should have been talking about is 18 U.S.C. 3583H, where there's no minimum term. I don't think there's any malice here. I just think a mistake was made. And the judge didn't have the correct law when he imposed the sentence. And so I do think Mr. Barnes' rights were substantially affected because arguments were not heard that some term of supervised release would have been more appropriate than three years. Mr. Gable argued for no more supervised release. And in his arguments, he stated outside of the instance that was sort of the main focus of the revocation proceedings, Mr. Barnes had been a model sort of probationer or person on supervised release. And I think in general, the parties agreed that there was a lot of positive conduct of Mr. Barnes, but that the instance that is described in this revocation hearing was the reason why they were there and is what supports the revocation. I'm not saying that that event isn't a bad event. All I'm saying is that if there were arguments made to the judge at that time that, listen, judge, you can accomplish the 3553A factors with less than three years of supervised release, the judge might have done it. And the judge believed he had to give 36 months. And so we're arguing to this court that the rights of Mr. Barnes were substantially affected. Additionally, Your Honor, we're arguing that the sentence was unreasonable, plainly, mainly I think because the guidelines set out to courts that the supervised release hearings are for a breach of trust with court orders. And they're not meant as sort of, we would argue, successive counting as the judge alluded to in the sentencing transcript where he says that he thinks there needed to be individual punishment for each violation. It might be appropriate to have individual punishment for each violation, but I guess our argument to the court would be that's why we have state courts and that the supervised release violation is meant really as a sanction for the breach of trust between the defendant and the court, and it's not meant to punish any criminal conduct. So where the court was sort of treating the violations as counts, we're arguing he's running counter to the guidelines, and he's imposing a sentence that's not supported by the guidelines and then not supported by his reasoning when he says that, well, this conduct by Mr. Barnes is really terrible and the public needs to be protected and there's no reason ever to hit a child. And then he leaves Mr. Barnes on bond with just an order of the court saying don't go near the child. Now, I think actually that was enough to keep Mr. Barnes away from the child, and the fact is I would argue to this court that Judge Reagan's district court's willingness to keep Mr. Barnes on bond after the revocation hearing so he could self-surrender undermines the effectiveness of his argument in imposing an above-guideline sentence and in treating the violations as sort of separate counts when I think the guidelines in Chapter 7 advise the courts that it's about a breach of trust with the court. It's only above the guidelines if we consider the total amount each individual violation punishment was within the guidelines, right? That's correct, Your Honor. It's only above the guidelines if you consider the 10 and the 8 together and then it's 18 months and that would be above the 8 to 14 range. That's correct. So, Your Honor, I think unless there's no additional questions or comments, I'd like to reserve a little time for rebuttal. Thank you. Thank you. We'll now hear from Mr. O'Hale. Good morning. May it please the Court, my name is Chris Hailer. It's the pleasure of representing the United States of America. To speak to Mr. Brangle's point, I believe he states correctly when he says it was both. The judge did receive bad information from myself as well as from the probation department, and I believe the source of that information was the underlying drug statute, which stated a term of supervised release must be a minimum of 36 months with no maximum. The revocation of supervised release statute 18 U.S.C. 3583H simply says that a term, additional term of supervised release upon a revocation cannot, the cumulative amount cannot be higher than the maximum or ceiling that is set by the underlying statute, which was not in effect here. Document 83 of this underlying case, which had the sentencing exposure for this defendant and was provided by probation, did list under supervised release the statutory provisions being 36 months, at least 36 months, and that was a reliance by myself on that information from probation, and it was incorrect. However, by the time the court had sought that information, the court had already made the initial but harmless mistake of saying, believing that this defendant, Mr. Barnes, still had time left on his period of supervision. He asked the probation officer how much time did he have left. The probation officer said he had 48 months minus the year approximately that he did from his release from prison. He had about 36 months left. The court's intention was to place the defendant on for 36 months. It happened to be a coincidence that the information the court received from probation and myself was the least the court could put the defendant back on was 36 months. But the reason that we do not believe that this meets a plain error standard is there's no miscarriage of justice. The court indicated a desire to place this defendant on supervised release for a period of 36 months. The court had its reasons for doing so, and it was whether the court mistakenly thought it was required to do so is not relevant because there is no miscarriage of justice here that this defendant received 36 months of supervised release when he was facing anywhere up to potentially lifetime of supervised release because his underlying statute of conviction had no ceiling for supervised release. I want to make sure I understand your point. He had about 36 months left when this occurred? When the incident occurred, he actually had more of 44 months. By the time the paperwork had actually been filed for petition, he had 36 months left, Your Honor. That's correct. Is that topic discussed at the supervised release revocation hearing? It was discussed at the April 20th, the initial full revocation hearing, when the court, after determining the violations and by a preponderance that the defendant was guilty of those violations, asked the probation officer how long does he have left on supervised release and was informed 36 months. At that point, are the court, you, and the defense all under the same misconception with regard to a minimum? I believe we must have been, and I only speak for the defense in that they did not raise any objections, both when I made my statement on the record as well as the probation officer, that we believe the required minimum or floor was 36 months. And then the reconvening happens when? Five days later on April 25th. At that point, is it your position that the misconception still existed among the government and the court, or had that dissipated? I don't believe that it dissipated, Your Honor. I was not there personally, but from a reading of that transcript, the court addresses it's a very limited brief hearing. It addresses the sole issue of I intended to revoke this defendant. I accidentally misspoke and said I was placing him back on supervised release when that's impossible because his supervised release was being revoked. The court makes the statement that I had intended to reimpose the same terms and conditions for the balance of the term pending for Mr. Barnes. After conversing with probation, I realized, of course, by revoking his term of supervised release, I now need to reimpose the term. No further argument was made as to whether or not it was mandatory by the government, and the court did not speak further on that issue. So the position, therefore, that you're offering is there had been some discussion that what remained at the time of revocation was about 36 months. Correct. Hence, that's what the district court pronounced. That is what the government believes from the whole of the court's statements regarding the sentence given to Mr. Barnes. That's correct. And that I believe if this was remanded for the reason the court was under a mistaken impression, it's the government's belief that the defendant would again be given 36 months because that's, in the court's mind, what he had left, and in addition to the time he was sentenced to in the Bureau of Prisons was an appropriate amount of time for him to be back on supervised release. And how much is he into the 18 months of serving the sentence again? As we sit here today? Yes. I believe that he would be, I guess, four months in. I believe four months into the sentence, Your Honor. Thank you. Yes. Why the sentence was, we have here a sentence of 18 months that is simply not plainly unreasonable when you have two victims, minor victims, who were struck by a defendant who lied on the stand and who had 20 criminal history points. The court went through the 3553 sentencing factors. The court applied those factors. The court specifically stated, A, that it was giving, based on the evidence the court heard in the testimony from the minor victims, specific sentences as to each victim based on the nature of the offense towards that victim, and finding what J1 suffered at the hands of the defendant to be more severe as it resulted in physical injury as what J2 suffered. And that's why you had the 10-and-eighth-month sentences, which the court said would run consecutively. The court, while going through and applying the sentencing factors, also said that in the court's belief the guidelines did not take into account two important things with regards to the defendant, the first being his abysmal criminal history. The court noted he was a criminal history Category 6, but stated he was five points above the top, or 15 for that, with his 20 criminal history points. The court also took into account the dishonesty of the defendant and the fact that the guidelines did not take into account that there was two victims here, not just one, which the court did find, and the government believes to be reasonable. The court addressed the history and characteristics of the defendant, the nature of the offense. Deterrence is reflected in statements about the criminal history as well as protecting the public. The court mentioned when it said it went to the likelihood of this defendant recidivating. And after considering all the factors the court stated in the April 20th hearing, in 18 U.S.C. 3553, he was sentencing the defendant to 18 months. So the government is asking, unless there's any questions, that the court's judgment as to the amount of time of imprisonment and time on supervisory release be upheld. Thank you, Mr. Hale. All right. May it please the court. I'd like to address some points made by the government. First, the 20 criminal history points that the judge seems alarmed by at the revocation hearing. The judge brings that up, and one way to say it is, well, the guidelines don't take into account criminal history points after a certain point, and so they're sort of not taken into account. Or the other way to say or think about it is the guidelines take into account that there's a possibility of people amassing criminal history points past this point, but we're choosing not to punish them further for one reason or the other. I don't know that it necessarily means that the guidelines don't take them into account. They don't increase them after a certain point, number one. Number two, the judge says, well, this defendant has 20 criminal history points, and it's in Category 6. What does a normal person in Category 6 have? In other words, how does he compare to other people in Category 6? There's no information on that. Because it's in Category 6, because people sort of stopped keeping track, there's no way to compare him to some other people in that scenario. So I would argue that the guidelines sort of do take into account and anticipate that when someone is in Category 6 that the sort of extra counting won't apply. Next, Your Honor, with regard to the two victims and that driving either the two sentences and or a greater punishment in this case, the law does take into account that there are two victims and there can be a criminal case filed. It is not this judge's. He doesn't have to always take into account every possible victim ever. There is another court for this. This is a supervised release violation, not a prosecution for domestic battery. Maybe Mr. Barnes should have been prosecuted for domestic battery, but that is not in front of Judge Reagan or this court. It's whether or not the sentence was reasonable or not. So, Your Honor, I think that will conclude my time almost, unless the court has any questions. No, thank you very much. The case will take an advisement. The court will be in adjournment until tomorrow morning.